UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD QUINT | : | |
| | : | PRISONER |
| v. | : | Case No. 3:05cv937 (PCD)(JGM) |
| | : | |
| THERESA LANTZ, et al. | : | |

RULING AND ORDER

Plaintiff has filed a motion to compel defendants to produce all documents requested in his January 12, 2006 request for production. Defendants oppose the motion on the grounds that counsel first received the request for production as an exhibit attached to the motion to compel and plaintiff did not attempt to resolve this matter before seeking court intervention.

Rule 37, D. Conn. L. Civ. R., provides in relevant part:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention of the court. See Getschmann v. James River Paper Co., Inc., Civil 5:92cv163 (WWE), slip op. at 2 (D. Conn. January 14, 1993) (court should not "become unnecessarily involved in disputes that can and should be

resolved by the parties"). In addition, Rule 37(a)3 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Copies of the discovery requests must be included as exhibits.

Although plaintiff has attached a copy of his request for production to his motion to compel, he has not submitted a memorandum explaining why each item should be allowed. In addition, plaintiff states in his motion that he did not attempt to resolve this matter because inmates are not permitted to telephone the Office of the Attorney General. The fact that plaintiff was unable to resolve this matter by telephone does not excuse him from attempting to resolve the dispute by letter.

Because plaintiff has not complied with the requirements of Local Rule 37, his motion to compel [**dkt. #64**] is **DENIED** without prejudice.

**SO ORDERED** this 14th day of July, 2006, at New Haven, Connecticut.

                                /s/
                          JOAN G. MARGOLIS
                          UNITED STATES MAGISTRATE JUDGE