UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD R. QUINT | : |
| | :           PRISONER |
| v. | : Case No. 3:05CV937(PCD) |
| | : |
| THERESA LANTZ, et al.[1] | : |

RULING ON MOTION FOR SUMMARY JUDGMENT [Doc. # 80]

Plaintiff Richard Quint commenced this civil rights action *pro se.* He alleges that the defendants are deliberately indifferent to his serious medical needs. The defendants move for summary judgment. For the reasons that follow, the defendants' motion is granted.

I. Standard

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a

---

[1] The named defendants in the amended complaint are: Theresa Lantz, Commissioner of Correction; David Budlong, Executive Director of University of Connecticut Correctional Managed Health Care; John Tarascio, Warden; Richard Newbould, Administrator; Mary Marta, Administrator; Rick Bush, Administrator; Brian Hickock, Administrator; Rich Fury, Administrator; Dr. Mark Buchanan, Clinical Director; Dr. Edward Blanchette; Dr. Steven Stein; Dr. Gampat S. Chouhan; Dr. Ricardo Ruiz; Dr. Abhijit Roychowdhurry; Dr. Timothy R. Silvas; Dr. Farinella; Dr. Castro; Dr. James O'Halloran; Dr. Carson Wright; Dr. Omprakash Pillai; and Lt. Parker.

matter of law.  See Rule 56©, Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The moving party may satisfy this burden by demonstrating the absence of evidence supporting the nonmoving party's case.  See PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).  The court construes the facts in the light most favorable to the nonmoving party.  See Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 162 (2d Cir.), cert. denied, 127 S. Ct. 382 (2006).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely assert the existence of an unspecified disputed material fact or offer speculation or conjecture.  See Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990).  The nonmoving party must go beyond the pleadings and point to evidence in the record showing a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

II.  Facts

The facts are taken from the defendants' Local Rule 56(a)1 Statement, Doc. # 80-2.  Although Quint was informed of the requirements of a Local Rule 56(a)2 Statement, the statement he filed is not in proper form.  Quint has included no specific citations in his Local Rule 56(a)2 Statement as required by Local

Rule 56(a)3.[2]  Thus, the court deems admitted the facts in the defendants' Local Rule 56(a)1 Statement.  <u>See</u> D. Conn. L. Civ. R. 56(a)3.

Quint has complained of chronic lower back pain since he fell in the shower at Bridgeport Correctional Center in September 2002.  In February 2003, the state court determined that the medical staff at Bridgeport Correctional Center had not been deliberately indifferent to a serious medical need regarding his treatment after the fall.  <u>See</u> <u>Quint v. Bridgeport CC Warden</u>, No. CV020399251, 2003 WL 553514 (Conn. Super. Ct. Feb. 3, 2003).

X-rays of Quint's lumbar and thoracic spine were taken in July and October 2004 and September and October 2005.  All x-rays show essentially the same spinal structure.  However, the

---

[2]Rule 56(a)3, D. Conn. L. Civ. R., provides, in relevant part:  "Each statement of material fact ... by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.  ...  The 'specific citation' obligation of this Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits or responses to discovery requests and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length.  Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)1 or in the Court imposing sanctions, including, ... when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law."

radiologists' comments on the various x-rays emphasize different features.  The x-rays show an old compression fracture on the thoracic spine at T12.  The language used by all radiologists reviewing the x-rays suggest that the fracture is minor.  In addition, the fracture is not located in the part of Quint's spine he identifies as the source of his chronic back pain.  The radiologists also identified mild degenerative changes which are common both in people who experience back pain and in those who do not.  None of the doctors treating Quint have concluded that these mild degenerative changes warrant an orthopedic consult, an MRI or a CT scan.

   The medical records contain numerous references to the results of physical examinations and personal observations.  Despite his subjective complaints of severe pain, all of Quint's physical examinations have been normal.  Dr. Wright did prescribe Tylenol #3 with codeine for a time.  On December 19, 2005, Quint was observed to be in no apparent distress.  He walked without difficulty, easily went up and down stairs and performed stretching exercises.  Thus, the prescription for Tylenol #3 with codeine was discontinued.

   The doctors suspected that Quint's numerous requests for Tylenol # 3 with codeine were evidence that Quint was seeking drugs, not pain relief.  He demands only Tylenol # 3 with codeine and refuses all other pain medication.  Quint even refused 650 mg

4

of Tylenol, which would afford the same pain relief as 325 mg of Tylenol # 3 with codeine. In early 2006, when Dr. Castro refused to prescribe Tylenol # 3 with codeine, Quint threatened him physically and with further litigation.

Dr. Castro has observed Quint sitting and walking without difficulty and without any signs of distress or pain. When he goes to the dental area, Quint sits, stands and communicates with other inmates, often laughing and joking, in no apparent pain. On January 21, 2006, Dr. O'Halloran performed a detailed examination on Quint and determined, based on the examination and Quint's health records, that he would not prescribe Tylenol # 3 with codeine. Quint was dissatisfied with that decision.

Less than a week later, on January 27, 2006, Dr. Buchanan examined Quint at sick call. Quint demanded Tylenol # 3 with codeine. The treatment notes, however, indicate that Quint had been observed walking without difficulty, climbing stairs and doing calisthenics in his cell. Dr. Buchanan denied the request. On August 22, 2006, Quint was videotaped doing pull-ups on the universal weight machine.

For a time, Quint was provided an egg crate mattress and wedge pillow. When he was transferred to Northern Correctional Institution, these items were taken from Quint. None of the medical records, however, indicate that these items were medically necessary. Rather, the medical records suggest that

the mattress and pillow were provided as part of a behavior management plan.

III. Discussion

Quint asserts one claim in his amended complaint, that the defendants have been deliberately indifferent to his serious medical needs by refusing to provide appropriate treatment for his chronic back pain.  Specifically, he claims that they refuse to prescribe the pain medication of his choice, provide an orthopedic consult, permit him to retain an egg crate mattress and schedule either an MRI or CT scan.  Quint seeks damages as well as a permanent injunction to provide the requested services and ensure proper medical treatment for his back pain.

The defendants move for summary judgment on four grounds: (1) Quint fails to state a cognizable claim for deliberate indifference to a serious medical need; (2) some of Quint's claims are barred under the doctrine of collateral estoppel; (3) the court lacks personal jurisdiction over some defendants as a result of lack of service; and (4) the defendants are protected by qualified immunity.

    A.    Jurisdiction

As a preliminary matter, the court addresses its jurisdiction to rule on the defendants' motion for summary judgment at this time.

Quint has filed three motions seeking a temporary

restraining order or preliminary injunction regarding his medical care during the pendency of this case.  He asked the court to order the defendants to ensure that he receives and retains an egg-crate mattress, that he be prescribed Tylenol # 3 for pain and that the prescription not be discontinued without his consent, and that he be scheduled for an orthopedic consult and an MRI or CT scan.  On February 2, 2006, the court, Margolis, M.J., filed a ruling recommending that the motions be denied because Quint failed to provide evidence that his medical treatment so far departed from acceptable medical judgment as to require the court to disregard his doctors' orders and failed to show that he would suffer irreparable harm should the motions be denied.  On June 14, 2006, Quint filed an interlocutory appeal of the undersigned's ruling approving and adopting the recommendation over his objection.  The appeal remains pending.

Filing a notice of appeal following entry of judgment terminates the court's jurisdiction and divests the court of power to grant or deny relief.  See New York State NOW v. Terry, 886 F.2d 1339, 1349-50 (2d Cir. 1989), cert. denied, 495 U.S. 947 (1990).  The district court is not, however, divested of all jurisdiction, when a party files an interlocutory appeal of an order granting or denying a preliminary injunction.  The district court retains jurisdiction to proceed on the merits of the claim unless otherwise ordered by the Court of Appeals.  See id. at

1350.

In this case, the Court of Appeals has not issued an order staying consideration of the merits of Quint's claims.  Thus, the court retains jurisdiction to decide the motion for summary judgment.

    B.    <u>Insufficiency of Service of Process</u>

The defendants argue that all claims against defendants Stein, Roychowdhurry, Parker and Pillai should be dismissed because these defendants were never served with a copy of the original or amended complaint.  Defendant Stein returned a signed waiver of service of summons form on October 13, 2005, defendant Pillai on April 18, 2007, and defendant Parker on May 4, 2007.  Because these three defendants have waived service of summons, the motion for summary judgment is denied as to defendants Stein, Pillai and Parker on the ground of insufficient service of process.

Defendant Roychowdhurry, however, never returned a signed waiver of service of summons form and has not been personally served.  The defendants have provided the affidavit of defendant Buchanan stating that defendant Roychowdhurry is no longer employed at the University of Connecticut Health Center and no longer resides in Connecticut.  (Second Buchanan Aff., Doc. # 80-11, ¶ 2.)

Although on notice of the lack of service, Quint failed to

8

provide a current service address for this defendant. Thus, the court was unable to effect service on defendant Roychowdhurry. The defendants' motion for summary judgment is granted as to the claims against defendant Roychowdhurry on the ground of insufficient service of process.

    C.   <u>Collateral Estoppel</u>

The defendants next contend that summary judgment should be granted as to the claims against defendants Stein and Tarascio under the doctrine of collateral estoppel because Quint previously litigated claims regarding his treatment at Bridgeport Correctional Center.

The doctrine of issue preclusion, or collateral estoppel, precludes relitigation of a specific issue that has been litigated in a habeas corpus action. The important consideration is that the issue was fully addressed by the habeas court. <u>See</u> <u>Kulak v. City of New York</u>, 88 F.3d 63, 71-72 (2d Cir. 1996) (applying collateral estoppel to bar relitigation in a federal section 1983 action of issues previously decided in a state habeas proceeding).

In this action, Quint challenges the adequacy of medical care provided at several correctional facilities for injuries he allegedly received in a fall in the shower at Bridgeport Correctional Center in September 2002. He includes as defendants Warden Tarascio and Dr. Stein who were at Bridgeport Correctional

Center during Quint's incarceration there.

Quint also filed a state habeas action alleging inadequate medical treatment at Bridgeport Correctional Center for the same injuries. The state court held a hearing at which Quint's medical records were entered as evidence and Dr. Stein and Quint both testified regarding Quint's medical care. See Quint v. Bridgeport CC Warden, No. CV020399251, 2003 WL 553514 (Conn. Super. Ct. Feb. 3, 2003). Thus, with respect to defendants Tarascio and Stein, the claims in the habeas action for deliberate indifference to serious medical needs are the same claims asserted in the amended complaint. Quint may not relitigate these claims.

The defendants' motion for summary judgment is granted as to all deliberate indifference claims against defendants Tarascio and Stein on the ground that these claims are barred under the doctrine of collateral estoppel.

D.   Deliberate Indifference to a Serious Medical Need

The defendants contend that Quint fails to state a claim for deliberate indifference to a serious medical need.

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, Quint must show intent to either deny or unreasonably delay access to needed

medical care or the wanton infliction of unnecessary pain by prison personnel. See id. at 104-05. A lapse in medical care or disagreement with prison officials about what constitutes appropriate care does not necessarily state a claim cognizable under the Eighth Amendment. See Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (holding that mere negligence, as found in a medical malpractice claim, will not support a section 1983 claim); Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) (holding that inmates do not have a constitutional right to the treatment of their choice). The conduct of the defendants must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)).

There are both subjective and objective components to the deliberate indifference standard. The alleged deprivation must be "sufficiently serious" in objective terms. Wilson v. Seiter, 501 U.S. 294, 298 (1991). An injury that a reasonable doctor would find important, a medical condition that significantly affects daily activities or causes chronic and substantial pain or a situation where the denial of treatment causes the plaintiff to suffer a permanent loss or life-long handicap is considered serious. See Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000). Subjectively, Quint must demonstrate that the defendants knew of and disregarded an excessive risk to his health or

safety.  See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995).

Quint contends that he suffers from chronic back pain and alleges in his amended complaint that he lives in "a world of pain."  Compl. at 11.  Other than his subjective complaints included in the amended complaint and his own affidavit, however, he provides no evidence to support this condition.  A self-serving affidavit that reiterates the conclusory allegations of the complaint in affidavit form is insufficient to preclude summary judgment.  See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).  Quint has provided no medical evidence to support his allegations of severe pain.  Instead, he argues that the x-rays demonstrate conditions that are contrary to all of the medical opinions in the record.

The defendants have provided the affidavits of treating physicians who all state that there is no medical basis for Quint's complaints of severe pain.  The reference on the x-rays to an old compression fracture on the corner of the T12 vertebra is irrelevant to this case because the damage to the vertebra is minimal, the damage has not changed in the various x-rays taken over the years, the damage is not to the part of the vertebra near the nerves and is not in the part of his back that Quint identifies as the source of his pain.  See, e.g., First Buchanan Aff., Doc. # 80-10, ¶ 4; Second Buchanan Aff., Doc. # 80-11, ¶¶

4-5.

The defendants note that Quint has been observed on numerous occasions walking, climbing stairs and doing vigorous exercises without any indication of pain and have submitted medical records and a videotape documenting these activities.  See, e.g., First Buchanan Aff., Doc. # 80-10, ¶ 5-6, Second Castro Aff., Doc. # 80-7, ¶¶ 4, 7, 12.

The court acknowledges that it may be difficult to objectively quantify a condition that produces chronic back pain. The record contains, however, many observations of normal behavior with no indication of the effects of chronic back pain when Quint was unaware that he was being observed and several medical opinions that the x-rays do not support Quint's claims of severe chronic back pain.  Quint has provided no contrary medical evidence.  In light of this evidence, the court concludes that Quint has failed to meet his burden of demonstrating that he suffers from a medical condition that causes chronic and substantial pain.  Thus, he has not established the objective component of the deliberate indifference test.

Further, even if the court were to assume, for the purposes of deciding this motion, that Quint meets the objective standard of a serious medical need, he fails to satisfy the subjective component of the deliberate indifference test.  Quint's treating physicians evaluated his x-rays, subjective complaints and

observed behavior and determined that he was not suffering severe chronic back pain but was exhibiting drug-seeking behavior.  See, e.g., Second Castro Aff., Doc. # 80-7, ¶ 11.  They also concluded that the medical records and examination did not warrant referral to an orthopedist or for an MRI or CT scan.  Despite these determinations, the defendants continue to see Quint at sick call and continue to evaluate his requests for pain medication and other treatment.

The treating physicians' opinions are supported by the medical records which show that Quint repeatedly refused all other pain medication and repeatedly demanded Tylenol # 3 with codeine.  See  First Castro Aff., Doc. # 80-6, ¶ 4; Second Castro Aff., Doc. 80-7, ¶¶ 10, 25; First Buchanan Aff., Doc. # 80-10, ¶ 11.  The treatment decision to offer Quint Tylenol # 3 with codeine only for brief periods when his condition worsened is in accordance with the recommendations of University of Connecticut Health Center staff in the areas of anesthesia and orthopedics.  See Wright Aff., Doc. # 35-2, ¶ 5 and attached medical record entry by Dr. Wright on 12/13/05.)  The court concludes that Quint has identified only a disagreement about treatment which does not give rise to a claim of deliberate indifference to a serious medical need.

Quint has provided no medical evidence in opposition to the medical opinions of several defendants that Quint's condition

does not warrant an orthopedic consult, an MRI or CT scan.  He has provided no evidence to show that he was provided the egg crate mattress and wedge pillow for medical, rather than behavioral, reasons.  The defendants' motion for summary judgment is granted on the ground that Quint fails meet his burden of establishing a claim of deliberate indifference to a serious medical need.

    E.    <u>Conditions of Confinement</u>

Quint attached to his amended complaint photographs of the shower at Bridgeport Correctional Institution.  Although he alleges only that the defendants provided inadequate medical care, the amended complaint could be liberally construed to include a claim that Quint was subjected to unconstitutional conditions of confinement in that the shower lacked a mat to prevent inmates from slipping on the soap and water on the shower floor.  The defendants do not address this argument.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>see also</u> <u>Rhodes v. Chapman</u>, 452 U.S. 337, 351 (1981).  To state an Eighth Amendment claim, Quint must allege facts demonstrating failure of prison officials to provide for inmates' "basic human needs-e.g., food, clothing, shelter, medical care, and reasonable safety."  <u>DeShaney v. Winnebago</u>

15

County Dept. of Social Servs., 489 U.S. 189, 200 (1989).

Quint must show, objectively, that his deprivation is sufficiently serious, i.e., that his confinement under the alleged conditions violates contemporary standards of decency, and, subjectively, that the defendants were aware of and disregarded a substantial risk of serious harm. See Phelps v. Kapnolas, 308 F.3d 180, 185-86 (2d Cir. 2002). Negligence is not sufficient to state an Eighth Amendment claim. See Hope v. Pelzer, 536 U.S. 730, 738 (2002).

Quint's claim is based on the lack of mats in the shower. Courts considering similar claims have held that the failure to provide mats inside or outside of the shower constitutes only negligence. It does not rise to the level of deliberate indifference. See Graham v. Poole, 476 F. Supp. 2d 257, 259-60 (W.D.N.Y. 2007) (citing cases). Accordingly, any conditions of confinement claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a cognizable claim.

IV. Conclusion

The defendants' motion for summary judgment [**doc. #80**] is **GRANTED**. Any claim for unconstitutional conditions of confinement is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED** this ___29th___ day of August, 2007, at New Haven, Connecticut.

                                               /s/
                                      Peter C. Dorsey
                                      United States District Judge